UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAUL MARQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-1378  (UNA) |
| ) | |
| CECILIA OSORIO MARQUEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), *pro se* Complaint (ECF No. 1), and motion for temporary restraining order and preliminary injunction (ECF No. 3).  The Court GRANTS the application, DISMISSES the complaint and this civil action without prejudice, and DENIES the motion for injunctive relief without prejudice as moot.

Plaintiff brings this action against the mother of his minor son.  According to Plaintiff, based on "fabricated allegations," Compl. ¶ 5, Defendant obtained from a California State court an emergency protective order on October 3, 2022, for the purpose of "depriv[ing] Plaintiff of his . . .  son from the moment of his birth, and . . . permanently sever[ing] the father-son relationship as well as [Defendant's] relationship with Plaintiff," *id*.  Defendant since obtained a temporary restraining order on October 11, 2022 "without Plaintiff being permitted to . . . present exonerating evidence," *id*. ¶ 8, and allegedly by means of "continued manipulations and successful entrapment tactics," *id*. ¶ 10, obtained "a full Domestic Violence Restraining Order . . . set to expire [on] October 26, 2026, *id*.  Defendant not only "obtained restraining and custody orders through fraudulent and ex parte means," *id*. ¶ 14, but also violated these orders "by contacting Plaintiff directly," *id*.  In addition, Defendant allegedly infringed on Plaintiff's

1

religious practice, which require him "to provide daily instruction to his son in accordance with Deuteronomy 6:4-9." *Id.* ¶ 17.  Among other relief, Plaintiff has demanded a declaration that "the California state protective and custody orders [are] unconstitutional, void, and unenforceable," *id*. at 4, and an order enjoining "Defendant from initiating or enforcing unlawful state court orders pending full federal review," *id*. at 5.

Federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)), which is precisely what Plaintiff asks this court to do.  Relevant also is the "domestic relations exception," pursuant to which "a federal court will not take jurisdiction over a case if that would require it to grant a divorce, determine alimony or support obligations, or resolve parental conflicts over the custody of their children." *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (citations omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  Matters regarding the interests of Plaintiff's son are "within the peculiar province, experience, and competence of the state courts." *Bennett*, 682 F.2d at 1039.

Because the Court lacks subject-matter jurisdiction, the complaint and this civil action must be dismissed.  An Order is issued separately.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: May 9, 2025